**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TXL Mortgage Corporation,**<br>11931 Wickchester Lane, Suite 400<br>Houston, TX 77043<br><br>　　　　Plaintiff,<br><br>v.<br><br>**Julian Castro**, in his official capacity as<br>Secretary of the U.S. Department of Housing<br>And Urban Development,<br>451 7th Street, S.W.,<br>Washington, D.C. 20410, and<br><br>**U.S. Department of Housing and Urban Development**,<br>451 7th Street, S.W.,<br>Washington, D.C. 20410<br><br>　　　　Defendants. | Case No. 1:15-CV-_____ |

**COMPLAINT**

This is an action seeking declaratory and injunctive relief against Julian Castro, in his official capacity as Secretary of the United States Department of Housing and Urban Development, and the United States Department of Housing and Urban Development, for violations of the Administrative Procedure Act, 5 U.S.C. § 706.

1. Plaintiff TXL Mortgage Corporation ("TXL") brings this action against Defendants Julian Castro, in his official capacity as Secretary of the United States Department of Housing and Urban Development, and the United States Department of Housing and Urban Development ("HUD"), for violations of the Administrative Procedure Act, 5 U.S.C. §§ 553, 706 ("APA"). HUD and Defendant Castro have violated the APA by taking final agency action, in the form of a final Secretarial decision upon review of an order entered by an administrative law judge, that

is arbitrary, capricious, inconsistent with law, and which HUD and Defendant Castro have no jurisdiction or authority to take.  Further, HUD and Defendant Castro, in taking this action, have rewritten their own duly adopted regulations without notice and comment.

## PARTIES

2.   Plaintiff TXL is incorporated under the laws of Texas, with its principal place of business in Houston, Texas.  TXL is no longer an operating business, but it formerly originated mortgages, including mortgages that were eligible for insurance under the federal FHA-insurance program administered by HUD.  TXL is and was at all times relevant to these allegations subject to the regulation of HUD.

3.   HUD is an agency of the United States government with its headquarters at 451 7th Street, S.W., Washington, D.C. 20410.

4.   Julian Castro is the Secretary of HUD, and he is named only in his official capacity.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides district courts with original jurisdiction over all civil actions arising under the laws of the United States.

6.   Venue is proper in this Court under 28 U.S.C. § 1391, which provides that a civil action in which a defendant is an officer or agency of the United States may be brought in any judicial district in which a defendant resides.

## STATUTORY AND REGULATORY BACKGROUND

7.   Pursuant to the Administrative Procedure Act ("APA"), federal district courts may set aside and hold unlawful those agency actions, findings and conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. §

706(2)(A). Further, federal courts may set aside and hold unlawful those agency actions, findings, and conclusions that are "in excess of statutory jurisdiction, authority, limitations, or short of statutory right." 5 U.S.C. § 706(2)(c). Federal courts may also review agency action that causes harm to any party. 5 U.S.C. § 702. Section 553 requires agencies engaging in rule making, or changes to previously made rules, to go through notice and comment. 5 U.S.C. § 553

8. The Program Fraud and Civil Remedies Act ("PFCRA"), 31 U.S.C. § 3801, *et seq.*, is a statute designed to give certain federal administrative agencies authority to pursue specified acts of fraud against them in low dollar amounts through an administrative process, instead of in federal district courts. PFCRA contains an explicit jurisdictional cap, above which designated agencies are not authorized to bring PFCRA actions. The cap is set forth at 31 U.S.C. §§ 3803(c)(1)(a), and states:

> No allegations of liability under section 3802 of this title with respect to any claim made, presented, or submitted by any person shall be referred to a presiding officer under paragraph (2) of subsection (b) if the reviewing official determines that: (A) an amount of money in excess of $150,000; or property or services with a value in excess of $150,000, is requested or demanded in violation of section 3802 of this title in such claim or in a group of related claims which are submitted at the time such claim is submitted.

9. HUD's regulations, which were issued pursuant to 5 U.S.C. § 553, include the incorporation of PFCRA's jurisdictional cap: "Liability under this part ***shall not lie*** if the amount of money or value of property or services claimed exceeds $150,000 as to each claim that a person submits." 24 C.F.R. 28.10(a)(5) (emphasis added).

10. All other agencies that have issued PFCRA regulations similarly provide for a jurisdictional cap on claims that exceed $150,000.00. *See, e.g.,* 34 C.F.R. § 33.6 (Corporation for National and Community Service); 32 C.F.R. Part 277, Appendix at ¶ F(1)(b) (Department of Defense); 10 C.F.R. § 1013.6 (Department of Energy); 29 C.F.R. § 22.6 (Department of Labor);

41 C.F.R. § 105-70.006 (General Services Administration); 45 C.F.R. § 79.6 (Health and Human Services); 10 C.F.R. § 13.6 (Nuclear Regulatory Commission); 13 C.F.R. § 142.9 (Small Business Administration); 39 C.F.R. § 273.6 (Postal Service); 38 C.F.R. § 42.6 (Department of Veteran's Affairs).

11. "Claim" is a defined term under PFCRA: "any request, demand, or submission made to an authority for property, services, or money . . . ." 31 U.S.C. § 3801(a)(3)(A).

12. HUD's regulation defines "claim" to "have the same meaning as defined in 31 U.S.C. § 3801." 24 C.F.R. § 28.5(b).

13. All other agencies that have issued PFCRA regulations define "claim" consistently with the statutory definition. *See, e.g.,* 34 C.F.R. § 33.2 (Corporation for National and Community Service); 32 C.F.R. Part 277, Appendix at ¶ B(5) (Department of Defense); 10 C.F.R. § 1013.2 (Department of Energy); 29 C.F.R. § 22.2 (Department of Labor); 41 C.F.R. § 105-70.002 (General Services Administration); 45 C.F.R. § 79.2 (Health and Human Services); 10 C.F.R. 13.2 (Nuclear Regulatory Commission); 13 C.F.R. § 142.3 (Small Business Administration); 39 C.F.R. § 273.2 (Postal Service); 38 C.F.R. § 42.2 (Department of Veteran's Affairs).

14. HUD is one of many agencies authorized to bring actions under PFCRA. *See* 31 U.S.C. § 3801(a)(1).

15. HUD is authorized to issue implementing regulations pursuant to PFCRA, and did so at 24 C.F.R. Part 26, Subpart B.

16. On January 16, 2015, HUD filed a Complaint under PFCRA against TXL, alleging twelve separate violations. Of these twelve alleged violations, seven were for "claims" made to HUD for amounts of money in excess of $150,000. HUD has at no point disputed that the

"claims" made to it on these seven loans were for an amount of money in excess of the $150,000 jurisdictional cap under PFCRA.

17. HUD's allegations amount to three basic theories of liability: (1) that TXL failed to comply with HUD's quality control requirements; (2) that TXL failed to exercise due diligence in manually underwriting loans; and (3) that TXL manipulated HUD's automated underwriting system in order to obtain approvals for loans.

18. HUD alleges that TXL failed to comply with HUD's regulations, handbook rules, and mortgagee letters setting forth the requirements for these three areas, and as a result of this regulatory non-compliance, TXL's loan-level certifications on twelve loans were rendered false under PFCRA.

19. Seven of the twelve counts brought by HUD are for claims made to HUD for an amount in excess of $150,000:

   a. Count 4 – FHA Case No. 493-8571056 – alleges HUD paid a claim for this loan in the amount of $172,486.10;

   b. Count 6 – FHA Case No. 493-8355022 – alleges HUD paid a claim for this loan in the amount of $167,710.85;

   c. Count 7 – FHA Case No. 493-8390835 – alleges HUD paid a claim for this loan in the amount of $186,642.89;

   d. Count 8 – FHA Case No. 493-8559968 – alleges HUD paid a claim for this loan in the amount of $200,849.48;

   e. Count 9 – FHA Case No. 493-8700249 – alleges HUD paid a claim for this loan in the amount of $210,998.27;

  f. <u>Count 10 – FHA Case No. 493-8925808</u> – alleges HUD paid a claim for this loan in the amount of $196,069.17; and

  g. <u>Count 11 – FHA Case No. 493-8925852</u> – alleges HUD paid a claim for this loan in the amount of $283,619.09.

20. HUD never alleges that TXL submitted any claim for payment to HUD.

21. TXL timely filed an Answer, Affirmative Defenses, and Motion to Dismiss.

22. HUD's Enforcement Counsel filed an opposition to TXL's motion to dismiss on, arguing, among other things, that HUD had the discretion to unilaterally reduce the amount of money it seeks from TXL under PFCRA in order to come within the jurisdictional cap set forth in PFCRA.

23. TXL timely filed a reply brief in support of its motion to dismiss.

24. On May 13, 2015, the ALJ presiding over the matter issued an order dismissing the seven counts based on alleged PFCRA violations for "claims" made to HUD in excess of $150,000 (the "Order"). *See* Exhibit A. The Order issued on May 13, 2015, ruling that 31 U.S.C. § 3803(c)(1)(a) bars allegations of liability under PFCRA based upon claims made to HUD in excess of $150,000. The Order found that "[t]he plain language of PFCRA itself cuts against the Government's theory," and further noted that HUD's "argument is not supported even by HUD's own implementing regulation." The ALJ deftly and thoroughly addressed all arguments made by HUD in support of its purported jurisdiction, and found no basis for the seven claims asserted, dismissing them as barred under 31 U.S.C. § 3803(c)(1)(A).

25. HUD sought interlocutory review to Defendant Castro. Over TXL's opposition, the ALJ certified his Order on the Motion to Dismiss to Defendant Castro on June 10, 2015.

26. HUD submitted its petition for review to Defendant Castro on June 22, 2015.

27. Defendant Castro was required to issue a decision on the appeal petition within 30 days of June 22, 2015—creating a deadline of July 22, 2015.

28. TXL timely submitted its opposition to HUD's petition for review on July 10, 2015.

29. HUD submitted a motion for leave to file a reply brief on July 16, 2015.

30. On July 22, 2015, the date by which Defendant Castro was required to issue his decision on the petition for review, Defendant Castro, through his designee Nealin Parker, instead issued an order granting HUD's motion for leave to file a reply brief, granting TXL an opportunity to respond to HUD's reply brief, and extending Defendant Castro's time within which he or his designee was required to issue its decision on appeal

31. The July 22, 2015 Order was without authority by statute or regulation.

32. HUD's regulations set forth that all timely appeals in PFCRA matters must be determined within 30 days of submission of the appeal, and make no distinction regarding interlocutory appeals.  24 C.F.R. § 26.52(l)(2).

33. The July 22, 2015 Order acknowledged this limitation, and recognized that July 22 was properly 30 days from submission of the appeal HUD, but nonetheless extended the time by which a decision must be made.

34. On August 5, 2015, Defendant Castro, through his designee Nealin Parker, issued a decision ("HUD's Decision") reversing the ALJ's Order of dismissal.  *See* Exhibit B.

35. Because Defendant Castro did not issue his decision on the petition for review within the appropriate time period, the August 5, 2015 Decision was without authority, or ultra vires, and the ALJ Order should have stood for this reason alone.

36. HUD's Decision rejected the ALJ's reasoned Order regarding the applicability of the jurisdictional cap.  However, in her eight page memorandum, Defendant Castro's designee

7

Nealin Parker, failed to address the applicability of the statutory limitation, and instead relied on inapplicable case law construing the Patient Protection and Affordable Care Act to determine that an unrelated term in the statute—the word "determine" —was ambiguous.

37. Under HUD's Decision, this non-existent ambiguity provides HUD with unfettered discretion to manipulate the amount it seeks in a PFCRA action, regardless of the amount of the statutorily defined "claim" submitted to HUD.  By manipulating the amount of damages it seeks in contravention to the clear language of the statute, HUD can thereby assert jurisdiction over claims Congress specifically excluded under PFCRA.

38. While littering HUD's Decision with turgid statements of law and policy, Defendant Castro and his designee relegated the relevant statutory provisions to mere recitations in a footnote, with no analysis of their applicability to the matter at hand.

39. HUD's Decision failed to address the reasoning of the ALJ's Order, and failed to address the statutorily defined terms upon which the ALJ's opinion relied.

40. Defendant Castro and his designee ignored directly on-point authority from the U.S. Court of Appeals for the Federal Circuit, *Roberts v. Shinseki*, 647 F.3d 1334 (Fed. Cir. 2011), disingenuously claiming that the Federal Circuit authority did not address PFCRA.  Indeed, similar to its failure address the actual statutory exemption at issue, HUD's Decision relegated its discussion of *Shinseki* to a footnote.

41. *Shinseki* definitively ruled on the impact of 31 U.S.C. § 3803:  "The PFCRA does not apply when more than $150,000 is requested or demanded in violation of [31 U.S.C. § 3802] in a fraudulent claim or a group of related claims." *Id*. at 1341 (citations and quotations omitted). *Shinseki* confirms that it is the amount of the claim submitted to the agency that controls the jurisdictional determination:  "the record clearly reflects that [plaintiff's] fraudulent claims

exceed the $150,000 jurisdictional threshold of the PFCRA . . . . Thus, putting aside whether the PFCRA was the *required* procedure, it clearly was not *available* . . . ." *Id*. In no uncertain terms, *Shinseki* ruled that "the jurisdictional cap in the PFCRA precluded the VA from pursuing a complaint under that statute" because the claims to the VA exceeded $150,000. *Id*.

42. Defendant Castro and his designee relied on no relevant law or authority, but instead utilized faulty and illogical *post-hoc* rationalizations for the **policy** determination that the result it sought would be the best interpretation of an otherwise unambiguous law.

43. The Decision is final agency action, as stated by regulation at 24 C.F.R. § 26.52(l)(2). Further, the Decision itself states that it is the final agency action as to this matter.

44. HUD's Decision further failed to recognize regulations directly contradicting HUD's Decision. These regulations, located at 24 C.F.R. § 28.10(a)(5) and 24 C.F.R. § 26.52(l)(2), were issued by HUD pursuant to 5 U.S.C. § 553, using notice and comment. By issuing this decision, Defendant Castro has unilaterally ignored and re-written regulations which are subject to notice and comment.

45. 24 C.F.R. § 28.10(a)(5) is a legislative rule that requires notice and comment to be changed.

46. 24 C.F.R. § 26.52(l)(2) is a legislative rule that required notice and comment to be changed.

47. HUD, however, did not publish any notice in the Federal Register, nor did it seek any comments from the public prior to issuing its Decision.

48. Separate and apart from the existence of the pending administrative action, HUD's Decision is contrary to validly issued regulations and directly and negatively affects TXL's interests as a HUD-regulated entity.

49. TXL is directly regulated by HUD, and is affected by changes to HUD's regulations governing the conduct and rights of HUD-regulated entities.

50. HUD's actions have immediately and irretrievably harmed, and will continue to harm, TXL by subjecting it to litigation for claims under which HUD has no statutory authority to act. Because HUD is a federal administrative agency created by Congress, it has only those authorities which Congress grants to it.

## Count I
### Violation of the Administrative Procedure Act (5 U.S.C. § 706)

51. TXL incorporates the allegations stated in paragraphs 1 through 50 as if fully stated herein.

52. HUD's Decision is final agency action.

53. HUD's Decision is arbitrary, capricious, and contrary to law because it is in direct conflict with the statute and because it relies on immaterial case law construing different statutes.

54. HUD's decision is arbitrary, capricious, and contrary to law because it fails to acknowledge its own validly issued regulations, instead improperly citing and stating laws of statutory construction and relying on purported "legislative intent," despite the existence of the clear statutory language indicating otherwise.

55. HUD's actions have caused and will continue to cause irreparable harm to TXL for which it has no adequate remedy at law.  TXL's injury is not compensable by money damages.

## Count II
### Violation of Administrative Procedure Act (5 U.S.C. 706)

56. TXL incorporates the allegations stated in paragraphs 1 through 50 as if fully stated herein.

57. HUD's Decision is final agency action.

58. HUD's Decision is without statutory authority because it fails to acknowledge the clear statutory terms of 31 U.S.C. § 3803 limiting its ability to bring PFCRA actions for claims made to it in excess of $150,000.

59. HUD's decision further fails to recognize its own validly issued regulations stating that "[l]iability under this part *shall not lie* if the amount of money or value of property or services claimed exceeds $150,000 as to each claim that a person submits."  24 C.F.R. 28.10(a)(5) (emphasis added).

60. HUD failed to acknowledge the statutory definition of the term "claim," which pegs HUD's ability to bring a claim to the amount of money requested or demanded from HUD. HUD has no authority to manipulate the amount of money it seeks in a PFCRA action in order to manufacture jurisdiction and authority under the statute.  If the claim made to HUD is for an amount of money in excess of $150,000, no liability lies under PFCRA.

61. HUD's actions have caused and will continue to cause irreparable harm to TXL for which it has no adequate remedy at law.  TXL's injury is not compensable by money damages.

## Count III
### Violation of Administrative Procedure Act (5 U.S.C. § 706)

62. TXL incorporates the allegations stated in paragraphs 1 through 50 as if fully stated herein.

63. HUD's Decision is final agency action.

64. HUD has violated 5 U.S.C. § 553 by issuing a legislative rule without notice and comment.

65. HUD's Decision improperly changes validly issued regulations located at 24 C.F.R. § 28.10(a)(5), stating that "[l]iability under this part shall not lie if the amount of money or value of property or services claimed exceeds $150,000 as to each claim that a person submits."

66. By acting contrary to its own published regulations, HUD has issued new regulations without notice and comment, thereby issuing secret agency law in violation of 5 U.S.C. § 553. These actions are arbitrary, capricious, and not in accordance with law. Furthermore, these actions are taken without statutory or regulatory authority.

67. HUD's actions have caused and will continue to cause irreparable harm to TXL for which it has no adequate remedy at law. TXL's injury is not compensable by money damages.

**Count IV**
**Violation of Administrative Procedure Act (5 U.S.C. § 706)**

68. TXL incorporates the allegations stated in paragraphs 1 through 50 as if fully stated herein.

69. HUD's Decision is final agency action.

70. HUD has violated 5 U.S.C. § 553 by ignoring its own properly issued regulations regarding its obligations to rule on petitions for review from PFCRA decisions within 30 days.

71. HUD's Decision improperly changes validly issued regulations located at 24 C.F.R. § 26.52(l)(2), requiring HUD to issue decisions on petitions for review from PFCRA decisions within 30 days.

72. By acting contrary to its own published regulations, HUD has issued new regulations without notice and comment, thereby issuing secret agency law in violation of 5 U.S.C. § 553. These actions are arbitrary, capricious, and not in accordance with law. Furthermore, these actions are taken without statutory or regulatory authority.

73. HUD's actions have caused and will continue to cause irreparable harm to TXL for which it has no adequate remedy at law. TXL's injury is not compensable by money damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Set aside the Decision, and declare that the Decision was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2)(A);

2. Set aside the Decision, and declare that the Decision was without statutory or regulatory authority, in violation of 5 U.S.C. § 706(2)(C);

3. Issue a temporary restraining order and preliminary injunction restraining HUD, its officers, employees, agents, or servants from taking any actions against Plaintiff with respect to the seven loans for which HUD has no authority to bring PFCRA claims;

4. Award Plaintiffs their attorney's fees and expenses incurred in this action; and

5. Grant such other relief as the Court deems just and proper.


Dated: August 17, 2015
Washington, DC

     /s/ Jason W. McElroy
Mitchel H. Kider (Bar No. 358531)
David M. Souders (Bar No. 441491)
Jason W. McElroy (Bar No. 502733)
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel:  (202) 628-2000
Fax:  (202) 628-2011
Email: kider@thewbkfirm.com
       souders@thewbkfirm.com
       mcelroy@thewbkfirm.com

*Counsel for Plaintiff TXL Mortgage Corporation*